IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BILLY PAUL BIRDWELL, II,

      Petitioner,                  No. CIV S-10-2523 LKK EFB P

   vs.

M. MARTEL, Warden,

      Respondent.             ORDER

                                /

        Petitioner, a state prisoner proceeding pro se, has filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

        On March 7, 2012, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days. Petitioner has filed objections to the findings and recommendations.

        In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a de novo review of this case. Having carefully reviewed the entire file, the court determines that it cannot agree with the findings and recommendations at this time.

1

The court agrees with the magistrate judge's thorough analysis and conclusions regarding whether habeas jurisdiction exists when a petitioner challenges prison discipline that will potentially or even likely, but not definitely, impact the duration of his confinement.

However, the court does not agree with the magistrate judge's reasoning regarding the mootness of Petitioner's claims. The court takes judicial notice of the Board of Parole Hearings Decision Life Prisoner Hearing Decision Face Sheet ("BPH Decision") submitted by Petitioner as an attachment to his opposition to Respondent's motion to dismiss. See Pl's Reply, ECF No. 13, Ex. B.[1] The BPH Decision indicates that the Board recommended that Petitioner receive "No *more* 115's or 128A's." Id. (emphasis added). It is reasonable to assume that, given the Board's specific recommendation that Petitioner not receive *more* disciplinary violations, in addition to any past disciplinary violations already considered by the Board at Petitioner's previous parole hearing, this particular disciplinary violation at issue in Petitioner's habeas petition would, in fact, affect his future parole prospects. Thus, the court specifically disagrees with the magistrate judge's finding that "Petitioner has not shown that this particular disciplinary conviction is likely to adversely affect his parole prospects, considering that he does not have an unblemished disciplinary record." Findings & Recommendations, ECF No. 16, at 13.

For the reasons set forth above, the court DECLINES to adopt the magistrate judge's March 7, 2012 findings and recommendations and REMANDS the case to the magistrate judge for further proceedings consistent with this order.

DATED: March 30, 2012.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[1] Facts subject to judicial notice may be considered on a motion to dismiss. Mullis v. United States Bankr. Ct., 828 F.2d 1385, 1388 (9th Cir. 1987). However, a court may not take judicial notice of a fact that is "subject to reasonable dispute." Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001). Because the existence of the BPH Decision and the assertions made thereon are not subject to reasonable dispute, the court takes judicial notice of both the document's existence and the assertions made thereon.