IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BILLY PAUL BIRDWELL, II,

    Petitioner,                   No. 2:10-cv-2523 LKK EFB P

   vs.

M. MARTEL,

    Respondent.               ORDER

_____/

    Petitioner is a state prisoner without counsel seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition challenges a disciplinary conviction that was placed in petitioner's California Department of Corrections central file. Pet., Dckt. No. 1 at 7.

    On June 10, 2011, respondent moved to dismiss the petition on the ground that petitioner failed to state a federal claim for relief. Dckt. No. 12. On March 7, 2012, the undersigned issued findings and recommendations recommending that respondent's motion be granted. Dckt. No. 16. The undersigned found that habeas jurisdiction exists where, as here, the petitioner challenges a prison disciplinary decision that will potentially impact the duration of his confinement. *Id.* at 3-11. However, the undersigned further examined petitioner's claim to determine whether it was moot due to his transfer to a different facility and the speculative nature of any assertion that the Parole Board would grant him parole at a subsequent hearing if,

and only if, he was disciplinary-free during that time period. The undersigned concluded that the claim was moot and recommended that the petition be dismissed. *Id*. at 11-13. While the assigned district judge agreed that habeas jurisdiction was present, he disagreed that the claim here is moot and declined to adopt that part of the findings and recommendations. Dckt. No. 18. In doing so, the district judge noted that the Board of Parole Hearings decision showed that past disciplinary violations had already been considered by the Board. The district judge concluded that in light of that fact it is reasonable to assume that the particular violation at issue here would, in fact, affect petitioner's future parole prospects. *Id*. at 2.

Respondent's motion to dismiss advanced a similar argument regarding the speculative nature of plaintiff's claims in arguing that petitioner failed to state a procedural due process claim because he had not shown a protected liberty interest. Dckt. No. 12 at 3-4. Relying on the Supreme Court's holding in *Sandin v. Conner*, 515 U.S. 472 (1995), respondent argued that the speculative chance that the Parole Board would rely on the disciplinary decision to find petitioner unsuitable for parole was too attenuated to implicate the Due Process Clause. *Id*. at 4.

The district judge's March 30, 2012 order specifically rejected the undersigned's finding that "Petitioner has not shown that this particular disciplinary conviction is likely to adversely affect his parole prospects, considering that he does not have an unblemished disciplinary record." Dckt. No. 18 at 2. Rather, the district judge expressly held that "[i]t is reasonable to assume that, given the Board's specific recommendation that Petitioner not receive *more* disciplinary violations, in addition to any past disciplinary violations already considered by the Board at Petitioner's previous parole hearing, this particular disciplinary violation at issue in Petitioner's habeas petition would, in fact, affect his future parole prospects." *Id*. (emphasis in original). That ruling effectively rejected respondent's argument that any effect the challenged disciplinary finding may have on petitioner's future parole suitability hearings is too speculative to support a procedural due process claim. The necessary implication of the district judge's holding forecloses the balance of respondent's motion to dismiss. As respondent's motion to

dismiss has been denied, respondent must file an answer to the petition addressing the merits of petitioner's claim.

Accordingly, it is hereby ORDERED that:

1. Respondent shall file and serve an answer in response to petitioner's application within 30 days from the date of this order.  *See* Rule 4, Rules Governing § 2254 Cases.  The answer shall be accompanied by any and all transcripts or other documents relevant to the determination of the issues presented in the application.  *See* Rules 4, 5, Rules Governing § 2254 Cases.

2. Petitioner's reply, if any, shall be filed and served within 30 days of service of an answer.

3. The Clerk is directed to terminate docket entry no. 12.

DATED: September 4, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE